

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

October 28, 1953

Hon. E. H. Thornton, Jr.
Chairman, State Highway Commission
Texas Highway Department
Austin 14, Texas

Opinion No. S-110

Re: (A) Authority of the State
Highway Commission to is-
sue voucher for a lump sum
for payment of preliminary
expenses of the Texas Turn-
pike Authority. (B) Author-
ity of the Texas Turnpike
Authority to pay expenses
incurred by the Authority
for office rental, supplies,
bond premiums, and sal-
aries as "preliminary ex-
penses."

Dear Mr. Thornton:

Your request for an opinion reads in part as follows:

"To provide for the construction, operation and maintenance of Turnpikes within the State of Texas, the 53rd Legislature by the passage of House Bill 4 created the Texas Turnpike Authority, a body politic and Agency of the State, and prescribed its powers, duties and limitations. The Legislature did not include in House Bill 4 an appropriation to the Turnpike Authority for the payment of preliminary expenses prior to the sale of revenue bonds, nor was an appropriation to the Texas Turnpike Authority made in the Departmental Appropriation Bill. Section 20 of the Act authorizes the State Highway Commission, if requested by the Authority, to spend Highway Funds for the study of a project, and to use its engineering and other forces including consulting engineers, and traffic engineers, and to pay for such additional engineering and traffic and other expert studies as may be deemed expedient, and all such expenses incurred by the State Highway Commission prior to the issuance of turnpike revenue bonds should be paid by the State Highway Commission and charged to the project. Upon the sale of turnpike revenue bonds, the funds so expended by the Highway Commission in connection with the project, shall be reimbursed from the proceeds of such bonds.

" . . .

"(1) Is the State Highway Commission authorized under the terms of House Bill 4 to issue voucher on the State Highway Fund, and is the Comptroller authorized to issue warrant therefor as an advance to the Texas Turnpike Authority a lump sum of money from the State Highway Fund from which the Texas Turnpike Authority could pay its preliminary expenses, provided such sum is repaid to the Highway Commission by the Turnpike Authority from the sale of revenue bonds.

"(2) Is the State Highway Commission authorized to issue vouchers on the State Highway Fund, and is the Comptroller authorized to issue warrants therefor, for the following kinds of obligations incurred by the Texas Turnpike Authority as preliminary expenses prior to the sale of revenue bonds by the Authority:

> "Office rental, office supplies and expenses, bond premiums for members of the Board of Directors and employees of the Authority, traveling expenses of members of the Board of Directors and employees of the Authority, salaries of employees of the Authority, consulting engineers employed under contracts made by the Authority for study of turnpike projects, and other preliminary operational and organizational expenses incurred by the Authority, all of said expenses to be reimbursed to the State Highway Commission by the Turnpike Authority from the sale of revenue bonds."

Section 20 of House Bill 4, Acts 53rd Legislature, Regular Session, 1953, reads as follows:

"The State Highway Commission is hereby authorized in its discretion, if and to the extent requested by the Authority, to expend out of any funds available for the purpose, such moneys as may be necessary for the study of a Project and to use its engineering and other forces, including consulting engineers and traffic engineers, for the purpose of effecting such study and to pay for such additional engineering and traffic and other expert studies as it may deem expedient and all such expenses incurred by the State Highway Commission prior to the issuance of turnpike revenue bonds under the provisions of this Act, shall be paid

by the State Highway Commission and charged to such Proj-
ect, and the State Highway Commission shall keep proper rec-
ords and accounts showing each amount so charged. Upon the
sale of turnpike revenue bonds for any such project, the funds
so expended by the State Highway Commission in connection
with such Project shall be reimbursed to the State Highway
Commission from the proceeds of such bonds." (Emphasis
added.)

Your questions resolve themselves into a problem of stat-
utory interpretation whereby we must determine the legislative intent in
this case. We must determine whether the Legislature intended for the
State Highway Commission to turn over a lump sum to the Texas Turn-
pike Authority, in the beginning, before any expenses are incurred by
that Authority and allow that Authority to pay its expenses as they ac-
crue, or whether the Legislature intended that the Highway Commission
pay the expenses of the Turnpike Authority as such expenses accrue.

Where a statute is ambiguous or presents alternative
methods of accomplishing a particular act, there are innumerable canons
or rules of construction which come into play to help us determine the
legislative intent. Koy v. Schneider, 110 Tex. 369, 221 S.W. 880 (1920).

However, where a statute presents no ambiguity, we are
limited to a less dubious guide to the determination of what the Legisla-
ture intended. Weaver v. Robison, 114 Tex. 272, 268 S.W. 133 (1924).
In such a case we are limited to the wording of the statute itself to de-
termine its meaning.

The statute here in question directs the State Highway
Commission to expend funds for "all such expenses incurred . . . prior
to the issuance of turnpike revenue bonds." This language makes no
mention of lump sum payments, payments in advance, or expenses in-
curred in the future but only "expenses incurred." The words used give
reference only to the past tense. No ambiguity exists in the wording of
this Act and we must, therefore, follow the wording of the Act. It makes
reference only to one type of payment of these expenses and any other
procedure would be improper. We must, therefore, answer your first
question "no" and your second question "Yes".

It is our opinion that the statute contemplates the expendi-
ture of funds for all of the purposes listed in your second question, if
same are determined by the Authority to be necessary for the study of a
Project.

## SUMMARY

(A) The State Highway Commission has no authority to issue a voucher for a lump sum advance to the Texas Turnpike Authority to cover its preliminary expenses. (B) The State Highway Commission does have authority to pay certain specified expenses incurred by the Texas Turnpike Authority as "preliminary expenses."

APPROVED:

V. F. Taylor, (acting)
State Affairs Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *David Beerbower*
    David Beerbower
      Assistant